FOURNET, Justice
 

 (dissenting).
 

 The relator, who is- serving a life term in the state penitentiary under his plea of guilty as a multiple offender following his conviction by a jury on a charge of burglary, is seeking to have us issue a writ of mandamus ordering the district judge to allow him to file a bill of exceptions (which, according to the minutes of the court, was never reserved) and to grant him a suspensive appeal from the judgment overruling his motion to quash the information on which he was convicted, to set aside the jury’s verdict, and to annul his sentence; in the alternative, that this court grant him such an appeal; in the further alternative, in the event this court concludes he is riot entitled to the appeal, that the district judge be ordered to maintain the defendant’s motion to quash the information and to set aside his conviction and sentence thereunder.
 

 The basis for the relator’s motion to quash is (1) that the information is fatally defective for the reason that it shows on its face that the crime charged had not been properly negatived, and (2) that the “District Attorney committed reversible error by including in the said Information four additional (unnumbered) Counts charging your Mover with having committed previous felonies for which he had been sent to the Penitentiary in another judicial district of the State of Louisiana, and thereby prejudicing the petty jury against your Mover by placing his character before the jury, and submitting to the said jury Mover’s previous criminal rec
 
 *401
 
 ord, without your Mover having taken the stand as a witness in his own behalf.”
 

 The Code of Criminal Procedure specifically provides that “Every objection to an indictment (or information) shall be taken by demurrer or by motion to quash such indictment, before the arraignment * * * ”, Article 284, and such motion “must be in writing, * * * tried and disposed of before trial on the merits.” Article 287. See, also, Article 253. It necessarily follows that a motion to quash comes too late after the defendant has served more than eight years of his sentence.
 

 Errors patent on the face of the record can avail the relator nothing at this late date for they can only be reviewed by the district court on a motion in arrest of judgment filed after verdict and disposed of before sentence, Article 519, or by this court on an appeal timely taken, i. e., within ten judicial days after the rendition of the judgment complained of. Article 542.
 

 A bill of information (or an indictment) is not only a procedural form required in bringing those violating the laws of this state before the bar of justice, but it is also jurisdictional, for without it the courts are powerless to try or convict. See, Section 9 of Article I of the Constitution. It necessarily follows that when the relator failed to avail himself of his right to an appeal and began to serve the sentence imposed upon him, there was no longer any charge pending against him in the judicial district where he was convicted, and his remedy, if the basis for his motion were well-founded, is by a writ of habeas corpus. Articles 116 and 137 of the Code of Criminal Procedure. The only district judge having jurisdiction to entertain such a writ is the judge of the district in which he is being illegally detainee!. Article 114; State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804. Consequently, even though the defendant might be entitled to an appeal (which in my opinion he is not), an appeal in this case would avail him nothing.
 

 Furthermore, it is my opinion that there is no merit to relator’s motion for the reasons expressed in the dissenting opinion of Justice HAWTHORNE, in which I fully concur.
 

 For the reasons assigned, I respectfully dissent from the views expressed in the majority opinion.